UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABED ALADARBEH, | ) | |
| Plaintiff, | ) | Case no._____ |
| v. | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) | |
| | ) | Jury Demanded |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiff, Abed Aladarbeh, through counsel, brings this action to secure redress arising from unlawful credit and collection practices engaged in by Defendant Portfolio Recovery Associates. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") as follows.

## **JURISDICTION**

1. This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue is proper in this District because: a) the acts and transactions occurred in within this district; b) Plaintiff resides here; and, c) Defendant does or transacts business here.

## **PARTIES**

3. Plaintiff, Abed Aladarbeh ("Plaintiff"), is an individual and resident of this District, and is a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant Portfolio Recovery Associates, LLC ("Defendant") is a limited liability company with principal offices at 120 Corporate Boulevard, Norfolk, Virginia 23502. Its registered agent is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL

62703. (Exhibit A, LLC File Detail Report).

5. Portfolio Recovery Associates, LLC is regularly engaged in the business of using the mails and telephone to collect defaulted consumer debts originally owed to others, and is a "debt collector" as defined at 15 U.S.C. § 1692 a(6) of the FDCPA.

6. Portfolio Recovery Associates, LLC, is licensed as a collection agency by the Illinois Division of Financial and Professional Regulation. (Exhibit B, Collection Agency License Look-Up).

7. Portfolio Recovery Associates, LLC is a purchaser of defaulted consumer debts, and has purchased thousands of defaulted consumer accounts within the last five years for the purpose of collection of the same.

## FACTS

8. According to Defendant, Plaintiff incurred a debt for goods and services used for personal purposes, originally for a Capital One Bank (USA), N.A., consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

9. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

10. Defendant purportedly purchased the alleged debt after default.

11. Defendant subsequently retained or hired Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt"), to attempt to collect the alleged debt from Plaintiff, which upon information and belief was at all times authorized to act on behalf of Defendant to attempt to collect the alleged debt from Plaintiff.

12. On or around December 6, 2013, Blatt filed a complaint on behalf of Defendant against Plaintiff to collect the alleged debt, styled *Portfolio Recovery LLC vs. Abed I. Aladarbeh*,

Case No. 13-M1-167694, in the Circuit Court of Cook County, First Municipal District, in Illinois ("State Action"). (Exhibit C, Small Claims Complaint).

13. In its State Action Complaint, Defendant alleged that there is a balance due and owning of $6,005.52. (Ex. C, Small Claims Complaint, ¶4).

14. In an Affidavit attached to Defendant's State Action Complaint, Defendant's affiant alleged there was due and payable from Abed I. Aladarbeh, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, a sum of $6,005.52.

15. Defendant caused its tradeline for the alleged debt to appear on Plaintiff's TransUnion consumer report by communicating information to TransUnion regarding the alleged debt, which information was communicated to both Plaintiff and third parties viewing Plaintiff's credit report. (Exhibit D, Excerpt of TransUnion credit report showing Defendant's tradeline as reported on February 7, 2014).

16. Specifically, Defendant communicated a balance of $9,222.00 to the TransUnion consumer reporting agency on or about February 7, 2014—approximately 2 months after it filed the State Action that states the balance to be only $6,005.52.

17. Either the amount stated in Defendant's State Action Complaint, or the amount stated that Defendant caused to be communicated on Plaintiff's credit report, was false. The amounts claimed cannot both be correct, and at least one of them is therefore incorrect.

18. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
\*\*\*
**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**
\*\*\*
**(10) The use of any false representation or deceptive means to collect or**

**attempt to collect any debt or to obtain information concerning a consumer.**

19. Defendant falsely stated the amount of the debt it was attempting to collect in violation of 15 U.S.C. §§ 1692e, 1692e(8) and 1692e(10).

20. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

21. Defendant unfairly attempted to collect an inflated amount of the alleged debt from Plaintiff, in violation of 15 U.S.C. § 1692f(1).

22. Defendant is liable for the acts and omissions of Blatt, committed in connection with efforts to collect the alleged debt from Plaintiff on its behalf. (*See Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000)).

23. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

24. Plaintiff was confused, and an unsophisticated consumer would be confused, by the varying amounts stated by Defendant as being due from him.

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff incorporates paragraphs 1-24 above, as if fully stated herein.

26. Defendant falsely stated the amount of the debt it was attempting to collect in violation of 15 U.S.C. §§ 1692e and 1692e(10).

27. Defendant communicated false credit information relating to the alleged debt in

violation of 15 U.S.C. § 1692e(8).

28. Defendant collected an amount that was neither authorized by the agreement creating the debt nor permitted by law in violation of 15 U.S.C. §§ 1692f(1).

29. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff Abed Aladarbeh respectfully requests that judgment be entered against Defendant, Portfolio Recovery Associates, for the following:

    a. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

    b. Plaintiff's attorney fees, litigation expenses and costs of suit; and

    c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff demands trial by jury.

**The Law Office of M. Kris Kasalo, Ltd.**      By: /s Mario Kris Kasalo
20 North Clark Street, Suite 3100      Mario Kris Kasalo
Chicago, Illinois 60602
tel 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.